UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CENTURION ADMINISTRATION
LIMITED, CORINTHIAN
PENSION TRUSTEES LIMITED,
and OLIVER COUCHMAN,

    Plaintiffs,

v.                                               Case No.:  2:21-cv-385-JLB-KCD

DARREN NEIL MASTERS and
SN-SCP, LLC,

    Defendants.
_____/

# **ORDER**[1]

In this action related to fraud, Plaintiffs seek to recover a sum certain of $13,544,082.42 in client funds misappropriated by Darren Neil Masters and his company, SN-SCP, LLC. (Doc. 1.) Three others were named as defendants in the Complaint—Steven Likos; Renaissance Consulting FL, LLC; and SCP-SN Advisory—but have been voluntarily dismissed. (Doc. 76, Doc. 94.) Masters and SN-SCP ("Defendants") briefly appeared pro se and moved for an extension of time to respond to the Complaint (Doc. 43) but did not respond and otherwise

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

abandoned defending this case. Finding Defendants had failed to plead or otherwise defend and ignored the Court's Orders, the Court directed that the Clerk enter defaults, which were entered on September 15, 2021. (Doc. 69, Doc. 70.)

Before the Court is Plaintiffs' Motion for Default Judgment against Masters and SN-SCP.[2] (Doc. 87.) With the motion, Centurion Administration Limited provides a declaration from its director, Mark Richardson, supporting the complaint allegations. (Doc. 87-1.) No response has been filed and the time to do so has passed.

"When a defendant has failed to plead or defend, a district court may enter judgment by default." Fed. R. Civ. P. 55(b)(2). Because of our "strong policy of determining cases on their merits, however, default judgments are generally disfavored." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244-45 (11th Cir. 2015).[3] Entry of a default judgment is warranted only when there is a sufficient basis in the pleadings for judgment to be entered. *Id.* at 1245.

Before entering default judgment, a court must ensure it has subject-matter jurisdiction. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Plaintiffs' complaint alleges diversity. (Doc. 1.) For diversity jurisdiction to

---

[2] Defendants were provided notice of the application for default. *See* Doc. 87 at 22 (certificate of service); Fed. R. Civ. P. 55(b)(2).

[3] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

apply, a plaintiff must allege facts supporting "complete diversity; every plaintiff must be diverse from every defendant." *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013). If there is any deficiency in subject-matter jurisdiction, the Court is constitutionally obligated to dismiss the action. *Id.* at 1269. The party seeking federal jurisdiction must prove, by a preponderance of the evidence, facts supporting the exercise of jurisdiction. *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002).

Plaintiffs do not adequately plead diversity as to Masters and SN-SCP, LLC, in two ways.

First, the complaint alleges that Plaintiff Oliver Couchman resides in London, England, and that Defendant Darren Neil Masters resides in Collier County, Florida. But citizenship, for jurisdictional purposes, is the equivalent of one's domicile, not one's residence. *McCormick*, 293 F.3d at 1257. "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *Id.* at 1257-58.

Second, according to the complaint, SN-SCP, LLC is a Florida limited liability company with its principal place of business in Naples, Florida. But the citizenship of a limited liability company, for diversity jurisdiction, is the citizenship of its members. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). The complaint alleges

"upon information and belief" that Masters "exerts complete control over the SN Defendants," but does not say whether he is a member of SN-SCP, LLC, and whether there are any other members.

Plaintiffs may cure these pleading deficiencies by filing an amended complaint.

Finally, there is a larger jurisdictional question looming that Plaintiffs should consider when reapplying for default. Should the Court consider the citizenship of SCP-SN Advisory, Renaissance, and Likos, who Plaintiffs voluntarily dismissed under Federal Rule 41(a)(1)(A)? Diversity jurisdiction is determined when the complaint is filed. *MacGinnitie v. Hobbs Grp., LLC*, 420 F.3d 1234, 1239 (11th Cir. 2005). "A corollary of the general rule that diversity is determined as of commencement is that if diversity of citizenship did not exist when the action was commenced, the courts generally are in agreement that it cannot be created by a later change of domicile by one of the parties or some other potentially diversity-creating event." 13E Fed. Prac. & Proc. Juris. § 3608 (3d ed. Apr. 2022 update).

If the Court does consider the citizenship of SCP-SN Advisory, Renaissance, and Likos, it sees three problems. First, alienage diversity. Plaintiffs allege that they are citizens of Gibraltar and England, and that Defendant SCP-SN Advisory is a citizen of Monaco. "Alienage diversity, like general diversity under 28 U.S.C. § 1332(a)(1), must be complete; an alien on

4

both sides of a dispute will defeat jurisdiction." *Caron v. NCL (Bahamas), Ltd.*, 910 F.3d 1359, 1364 (11th Cir. 2018). "It is a standard rule that federal courts do not have diversity jurisdiction over cases where there are foreign entities on both sides of the action, without the presence of citizens of a state on both sides." *Iraola & CIA, S.A. v. Kimberly-Clark Corp.*, 232 F.3d 854, 860 (11th Cir. 2000). *See also Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d, 1330, 1340 (11th Cir. 2011) ("[A]lienage jurisdiction prohibits an alien from suing another alien in federal court unless the suit includes United States citizens as plaintiffs and defendants.").

Second, Plaintiffs allege only Defendant Steven Likos' residency (in Palm Beach County, Florida) and not his domicile.

Third, the complaint claims that Renaissance Consulting is a Florida limited liability company, with its principal place of business in Miami-Dade County, Florida. It is further alleged that Likos is listed as a manager and the only officer, but the complaint does not say whether Likos is the only member of the LLC.

Before default judgment can be entered, Plaintiffs must show this Court has diversity jurisdiction. Without it, the Court is powerless to enter judgment. Thus, the Motion for Default Judgment will be denied. Plaintiffs may file an amended complaint. If they do not amend, the undersigned will recommend this matter be dismissed for lack of subject-matter jurisdiction.

Accordingly, it is **ORDERED**:

1. Plaintiffs' Motion for Default Judgment (Doc. 87) is **DENIED.**

2. Plaintiffs may file an amended complaint by **August 15, 2022**.

**Done and Ordered** in Fort Myers, Florida on July 24, 2022.

*/s/ Kyle C. Dudek*
Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record